**RAKONICK v. HAMILTON–BROWN SHOE CO.**

No. 11344.

Circuit Court of Appeals, Eighth Circuit.

April 29, 1939.

Rehearing Denied May 16, 1939.

Joseph Rakonick, pro se.

John S. Leahy and Lyon Anderson, both of St. Louis, Mo., for appellee.

Before SANBORN, THOMAS, and VAN VALKENBURGH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge.

May 19, 1936, appellant filed in the District Court for the Eastern District of Missouri his bill of complaint against appellee, apparently charging infringement of two patents and seeking an accounting and injunction against further exercise of assumed rights over appellant's alleged inventions. The Letters Patent to which reference is made are numbered respectively 1,-526,608 and 1,590,852. To this bill of complaint appellee filed a motion to dismiss. This motion was sustained September 21, 1936. October 1, 1936, appellant filed an amended bill of complaint in which, among other things, it is stated that the plaintiff-appellant is the owner of fifty-three one-hundredths of one of said patents and ninety-two one-hundredths of the second of said patents. To this amended bill, on October 12, 1936, appellee filed a motion to dismiss, largely upon the same grounds as those contained in the former motions. February 25, 1937, plaintiff filed what is termed a "Protest Memorandum". Notice of hearing of the second motion to dismiss was filed by plaintiff February 27, 1937. This motion was sustained March 22, 1937. December 18, 1937, plaintiff filed a "Motion for Reconsideration of Plaintiff's Amended Bill of Complaint", which was overruled March 1, 1938. Plaintiff then filed a "Supplemental Bill of Complaint", and to this defendant-appellee filed its motion to dismiss upon the following grounds, among which are included substantially those contained in the two previous motions:

"1. The supplemental bill of complaint does not set forth anything tending to overcome the several objections to plaintiff's amended bill of complaint which was dismissed on March 22, 1937.

"2. The supplemental bill of complaint is so redundant, prolix and uncertain that it violates the rules of pleading requiring conciseness, accuracy, and clearness.

"3. The supplemental bill of complaint contains statements of evidence, conclusions, statements of law and argumentative expressions.

"4. The supplemental bill of complaint does not state facts sufficient to constitute a cause of action in equity against the defendant.

"4a. If it is intended to charge infringement of United States Letters Patent numbered 1,526,608 and 1,590,852, the supplemental bill of complaint lacks the allegations required for such infringement.

"4b. The supplemental bill of complaint also fails to allege that the plaintiff is now the sole owner of said patents.

"4c. If the supplemental bill of complaint is intended to include a cause of action in equity under Section 4915 of the Revised Statutes, based upon the ground that plaintiff is entitled to a patent on an invention that was patented by the defendant, said supplemental bill of complaint lacks the allegations required by said Section 4915.

"5. The supplemental bill of complaint is so vague and indefinite that it cannot be understood, and the defendant should not be required to admit or deny any of the allegations therein.

"6. The supplemental bill of complaint is in effect a request for reconsideration of the amended bill of complaint which was dismissed on March 22, 1937."

The court in sustaining this motion filed a brief memorandum assigning his reasons therefor:

"Plaintiff filed his Bill of Complaint on May 19, 1936. Defendant's Motion to Dismiss the Bill was sustained by the court on September 21, 1936.

"Plaintiff filed an Amended Bill of Complaint on October 1, 1936. Defendant's Motion to Dismiss the Amended Bill was sustained by the Court on March 22, 1937.

"Plaintiff filed a Motion for Reconsideration of the Amended Bill of Complaint on December 18, 1937. This Motion for Reconsideration was overruled March 1, 1938.

"Plaintiff filed what is called a Supplemental Bill of Complaint on March 26, 1938. The prayer of this petition is that the Court grant a reconsideration of its decision of March 1, 1938. That was the order overruling the Motion to Reconsider the Order dismissing the Amended Bill of Complaint.

"The practice of refiling motions is not to be commended. The difficulty arises from plaintiff's effort to try his own law suit. The Court has advised that plaintiff seek counsel if the action is to be maintained, but this course has not been followed.

"Defendant's Motion to Dismiss the Supplemental Bill is sustained for the reasons therein stated."

Thereafter appellant filed a written declination to plead further and the cause was dismissed. This appeal is prosecuted from that decree and order. Throughout these proceedings appellant, a layman, has acted as his own attorney. The several complaints and incidental filings are extended and their reproduction here is neither practicable nor deemed essential to the disposition of the case. The fact that they violate all the principles and rules of good pleading, are regrettably redundant and prolix, and contain "statements of evidence, conclusions, statements of law, and argumentative expressions", as charged in the motions to dismiss, while subject to severe criticism in the case of a qualified attorney, might conceivably be indulged to a layman, unlearned in the law, if, on the whole, they stated facts sufficient to constitute a cause of action in equity. Unfortunately the vices charged combine to produce vagueness and confusion fatal to a necessary understanding of the issues sought to be presented. Over a period of two years, the trial judge, out of abundant and characteristic consideration, indulged the plaintiff in his attempts to state a cause of action of which the court could properly take cognizance. The subject matter is one which exacts technical legal knowledge of a high order, and the court had advised plaintiff to seek such counsel if the action were to be maintained. No reason has been assigned for the failure to accept this advice. Rather, it has been made apparent to us that appellant has been led to believe himself exceptionally well equipped to act as his own attorney in the premises. This court, of course, expresses no opinion whatsoever upon merits thus uncertainly and insufficiently stated, but due regard for clarity and understanding in pleading and statement is demanded. The dismissal upon the grounds stated was fully justified, and the decree accordingly should be affirmed. It is so ordered.